IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Elvis Bostic, # 1261052285, | ) | C/A No.: 1:11-207-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina; County of Horry; George H. Debusk, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner John Elvis Bostic, proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee in the J. Reuben Long Detention Center in Horry County, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

Petitioner claims that he has been wrongfully charged and deprived of a speedy trial by the State of South Carolina, the County of Horry, and Fifteenth Circuit Assistant Solicitor George H. Debusk. Petitioner alleges that he was wrongfully charged with first degree burglary and that he filed a speedy trial motion in March 2010, on which no action has been taken.[1] Petitioner alleges that, ten months after his arrest, he has yet to be

---

[1] According to the J. Reuben Long Detention Center website, Petitioner was booked on February 26, 2010 on the charge of first degree burglary and his bond was set at $90,000.00. *See* http://www.horrycounty.org/depts/detention/bookings/ (last visited March 6, 2011). The court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright*, No. 2:10-00033-RBH-RSC,

indicted, but he "was sent a plea for fifteen years on a charge I never did with out being indicted on. I am being held here in this jail with out any evidence, I don't even got a court date." [Entry #1]. Petitioner alleges that Debusk "keeps turning my speedy trial down, he will not give me a court date. He is holding me in jail for no reason at all." *Id.* Petitioner alleges that "[his] co-defendant wrote a statement say[ing] I went in the victims yard[.] [H]e never said I broke in the victims home on his statement. His statement is different from the Detective's statement." *Id.* As to the relief he seeks, Petitioner alleges: "I want the court to let me go home on my own recognizance until the solicitor's office can call this matter for trial. I al[]so want to sue the State of S.C. Horry Co."[2]

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section

---

2010 WL 565303 at *2 n. 5 (D.S.C. Jan. 15, 2010).

[2]     Although Petitioner files this action on a complaint form designed for claims pursuant to 42 U.S.C. § 1983, the court liberally construes Petitioner's pleading as a petition for writ of habeas corpus. Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not an appropriate or available remedy for damages claims. *Id.* at 494. Therefore, to the extent that Petitioner seeks monetary damages for alleged violations of his constitutional rights, such relief cannot be granted in the instant habeas action. In order to seek monetary damages from these Defendants in an action in this court–to the extent that monetary damages might even be available in light of Eleventh Amendment and prosecutorial immunity–Petitioner would have to file a separate claim under 42 U.S.C. § 1983.

2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

Petitioner is a pretrial detainee in a South Carolina local detention center facility. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction.

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 517 U.S. 1123 (1996) (citations omitted). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying this test to the instant facts, it appears Petitioner was arrested on February 26, 2010 and charged with first degree burglary in an ongoing state criminal proceeding. The second criterion has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). With regard to the third criterion, the United States Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.* Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore,* the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the

claim could be raised at trial and on direct appeal. *See id at 443*; *Dickerson*, 816 F.2d at 228 (finding that a request for pretrial habeas relief cannot be considered before the state court has had an opportunity to rule on the issue). Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

III.     Conclusion

Accordingly, it is recommended that the district judge dismiss the Petition without prejudice and without requiring the Respondents to file an answer.

IT IS SO RECOMMENDED.

*[signature]*

March 16, 2011                                         Shiva V. Hodges
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**